UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD SHARIF, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:05-CV-01367-B** |
| | § | |
| **WELLNESS INTERNATIONAL NETWORK, LTD. a/k/a WIN, et al.,** | § | **ECF** |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL INITIAL DISCLOSURES, RESPONSES TO REQUESTS FOR PRODUCTION, AND ANSWERS TO INTERROGATORIES

Defendants, Wellness International Network, Ltd., WIN Network, Inc., Ralph Oats, Cathy Oats, and Sheri Matthews, file this Brief in Support of their Motion to Compel Initial Disclosures, Responses to Requests for Production, and Answers to Interrogatories.

### I.
### STATEMENT OF POSITION

Plaintiffs are engaging in dilatory conduct and refusing to cooperate in discovery. They have not served their Initial Disclosures, which the Court ordered them to serve on September 1, 2006. Recently, they refused to provide any response whatsoever to Defendants' First Requests for Production and First Sets of Interrogatories to each of the Plaintiffs, which were due on December 20, 2006.

Defendants ask this Court for an order compelling Plaintiffs to serve their Initial Disclosures and to respond to Defendants' First Requests for Production and First Sets of Interrogatories to each of them. Defendants also ask this Court to reimburse them for attorney

fees and costs incurred in securing this relief from the Court, and to appropriately sanction Plaintiffs for failing to timely serve their Initial Disclosures.

## II.
## AUTHORITY

FEDERAL RULE OF CIVIL PROCEDURE 26(a) requires each party to disclose certain information without request.[1]  FEDERAL RULE OF CIVIL PROCEDURE 37 authorizes a district court to compel disclosure and award appropriate sanctions for a party's failure to make required disclosures.[2]

The FEDERAL RULES OF CIVIL PROCEDURE also permit a district court to compel responses to discovery if a party does not respond to an interrogatory submitted under FEDERAL RULE OF CIVIL PROCEDURE 33 or respond to a request for production under FEDERAL RULE OF CIVIL PROCEDURE 34.[3]  Parties may obtain discovery about any matter that is not privileged and is relevant to the subject matter of the case.[4]  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence."[5]

---

[1] FED. R. CIV. P. 26(a).

[2] FED. R. CIV. P. 37.

[3] *See id.*

[4] FED. R. CIV. P. 26(b)(1).

[5] *Id.*

### III.
### FAILURE TO SERVE INITIAL DISCLOSURES

The parties agreed to serve Initial Rule 26 Disclosures on or before September 1, 2006.[6] Defendants timely served their Disclosures; Plaintiffs did not. Defendants' counsel has asked at least three times when Plaintiffs expect to serve their Initial Rule 26 Disclosures, but has received no response.[7] On December 27, 2006, counsel for Defendants sent an e-mail to counsel for Plaintiffs requesting them to serve the overdue disclosures, the overdue response to Defendants' First Set of Interrogatories, the overdue response to Defendants' First Request for Production, and to produce responsive documents and tangible items by Wednesday, January 10, 2007.[8] Plaintiffs refused to comply with any part of that request.[9] It is evident that, absent a court order, Plaintiffs do not intend to ever serve any Initial Rule 26 Disclosures.

### IV.
### INTERROGATORIES AND REQUESTS FOR PRODUCTION.

On November 20, 2006, Defendants served, *inter alia*, First Requests for Production and First Sets of Interrogatories to each Plaintiff.[10] Under the FEDERAL RULES OF CIVIL PROCEDURE, the deadline for Plaintiffs to respond to these requests was December 20, 2006. Plaintiffs failed to serve any objections or responses to these requests for production or interrogatories. Any

---

[6] *See* Joint Status Report [Docket No. 34], filed on August 9, 2006, at 5 ("The Parties agree that mandatory initial disclosures must be served on all other parties on or before September 1, 2006.").

[7] *See* Appendix to Motion to Compel ("Appendix") at 3, 4 (Declaration of John F. Martin, ¶¶ 2, 3, 6), 5 (September 26, 2006 fax to Michael Cohen).

[8] *See* Certificate of Conference, *infra*.

[9] *See id.*

[10] *See* Appendix at 15-22 (First Set of Interrogatories to Richard Sharif), 23-30 (First Set of Interrogatories to Abdul and Shaheen Rashid); 31-38 (First Set of Interrogatories to Waqar and Shafqut Khan), 39-46 (First Set of Interrogatories to Soad Wattar, Haifa Kaj, and Ragda Sharifeh), 47-95 (First Request for Production to Richard Sharif), 96-136 (First Request for Production to Rashids), 137-180 (First Request for Production to Khans), and 181-224 (First Request for Production to Wattar, Kaj, and Sharifeh).

objections Plaintiffs may have to these requests for production or interrogatories are therefore waived.[11] On December 27, 2006, counsel for Defendants sent an e-mail to counsel for Plaintiffs requesting them to serve the overdue disclosures, the overdue response to Defendants' First Set of Interrogatories, the overdue response to Defendants' First Request for Production, and to produce responsive documents and tangible items by Wednesday, January 10, 2007.[12]  On January 9, 2007, counsel for Plaintiffs responded that Plaintiffs would not comply with that request.[13]

## V.
## REQUEST FOR SANCTIONS, COSTS AND ATTORNEYS' FEES

Under Rule 37(a)(4)(A), Defendants ask this Court to award sanctions against Plaintiffs for their failure to serve disclosures and respond to discovery requests.  Defendants ask this Court to award them their reasonable costs and attorneys' fees in preparing, filing, and presenting this Motion to Compel before the Court.  Defendants attach a Declaration of John F. Martin in support of its request for its reasonable costs and attorneys' fees.[14]

## VI.
## REQUEST FOR APPROPRIATE SANCTIONS FOR
## FAILING TO TIMELY SERVE DISCLOSURES.

Under Rule 37(c)(1), a party may move for sanctions if the other party refuses to timely disclose information required by Rule 26(a) without substantial justification.[15]  Defendants

---

[11] *AMS Staff Leasing, Ltd. v. Associated Contract Truckmen, Inc.*, 2004 U.S. Dist. LEXIS 29948, at *2 (N.D. Tex. 2004) (Stickney, M.J.).

[12] *See* Certificate of Conference, *infra*.

[13] *See id.*

[14] See Appendix at 3-4 (Mr. Martin's Declaration, ¶¶ 6-9).

[15] FED. R. CIV. P. 37(c)(1); *see Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1229 (10th Cir. 1999); *McClain v. Metabolife Int'l, Inc.*, 193 F.Supp.2d 1252, 1258-59 (N.D. Ala. 2002).

request that the Court appropriately sanction Plaintiffs as contemplated in Rule 37, by prohibiting Plaintiffs from calling any witness at trial or in any pre-trial procedure that they should have disclosed under their Rule 26(a)(1) response or from offering any damage evidence that they otherwise should have disclosed under a Rule 26(a)(1) response.[16]

## VII.
## PRAYER

For the reasons stated above, the Defendants pray that the Court grant their Motion to Compel, that the Court issue an order compelling Plaintiffs to comply with the discovery requests discussed in this Motion to Compel, that the Court award the Defendants their reasonable costs and attorneys' fees incurred in preparing, filing, and presenting this Motion to Compel before the Court, that the Court appropriately sanction Plaintiffs for their dilatory conduct, and that the Court grant the Defendants any other relief to which they are entitled.

---

[16] FED. R. CIV. P. 37(c)(1); *see, e.g.*, *AMS Staff Leasing, Ltd. v. Associated Contract Truckmen, Inc.*, 2004 U.S. Dist. LEXIS 29948, at *2 (N.D. Tex. 2004) (Stickney, M.J.) (ordering that a party who failed to timely serve its disclosures was prohibited from calling any witness at trial or in any pre-trial procedure that they should have disclosed under their Rule 26(a)(1) response or from offering any damage evidence that they otherwise would have disclosed under a Rule 26(a)(1) response).

        Respectfully submitted,

By:    /s/ John F. Martin
     **G. MICHAEL GRUBER**
     Texas State Bar No. 08555400
     **BRIAN N. HAIL**
     Texas State Bar No. 08705500
     **JOHN F. MARTIN**
     Texas State Bar No. 24002530
     **MICHAEL J. LANG**
     Texas State Bar No. 24036944

**GRUBER HURST JOHANSEN & HAIL LLP**
Fountain Place
1445 Ross Avenue, Suite 4800
Dallas, Texas 75202
(214) 855-6800
(214) 855-6808 fax

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he attempted to confer with counsel for Plaintiffs, via e-mail, on the relief requested in this motion on December 27, 2006. Counsel for Defendants gave counsel for Plaintiffs the opportunity to serve the overdue disclosures, the overdue response to Defendants' First Set of Interrogatories, the overdue response to Defendants' First Request for Production, and to produce responsive documents and tangible items by Wednesday, January 10, 2007. On January 9, 2007, counsel for Plaintiffs responded, and refused to comply any part of the request, and indicated opposition to the relief sought in this motion.

     /s/ John F. Martin
     John F. Martin
     Michael J. Lang

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of January, 2007, a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with Rule 5 of the FEDERAL RULES OF CIVIL PROCEDURE and/or N.D. TEXAS MISCELLANEOUS ORDER No. 61 (service on counsel who have consented to electronic service).

| | | |
|---|---|---|
| Michael Curletti, Esq.<br>1001 Heather Lane<br>Munster, Indiana 46321 | Robert Plotkin, Esq.<br>The Robert Plotkin Law Firm, P.C.<br>113 East Bellevue Place<br>Chicago, Illinois 60611 | E. Leon Carter, Esq.<br>Munck Butrus, P.C.<br>13155 Noel Road<br>900 Galleria Tower Three<br>Dallas, Texas 75240 |
| Michael B. Cohen, Esq.<br>35 E. Wacker Drive, Suite 595<br>Chicago, Illinois 60601 | Brad Repass, Esq.<br>Haynie Rake & Repass, P.C.<br>14651 Dallas Parkway, Suite 136<br>Dallas, Texas 75254 | |

*Counsel for Plaintiffs*

    /s/ John F. Martin_____
John F. Martin
Michael J. Lang