UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**RICHARD SHARIF, et al.,**                           ECF

            **Plaintiffs,**                    Case No. 3:05-CV-01367-B

vs.

**WELLNESS INTERNATIONAL**                   Honorable, Jane J. Boyle,
**NETWORK, LTD a/k/a WIN, et al.,**          United States District Judge

           **Defendants.**
_____/

## MOTION FOR RECONSIDERATION

NOW COME the Plaintiffs, Richard Sharif, on behalf of Soad Wattar, Hafai Kaj and Ragda Sharief, together with Plaintiffs, Waqar Khan, Shafquit Khan, Abdul Rashid and Shaheen Rashid by and through their attorney, Michael B. Cohen and pursuant to Fed.R.Civ.P. 59(e), respectfully moves this Honorable Court to reconsider its order of May 7, 2007 overruling Plaintiffs' objections to the Magistrate Judge's order of April 12, 2007 and the Court's order of May 8, 2007 denying Plaintiffs' motion for a continuance of the trial date of this matter and to amend the Court's prior trial scheduling order.  In support thereof, the following is offered.

### I.  Prefatory Statement

The Court entered an order on May 7, 2007 overruling Plaintiffs' objections to the Magistrate Judge's order of April 12, 2007, denying Plaintiffs' Motion to Vacate Alleged Defaulted Admissions.  Said order reveals in a footnote at p.1, that based upon a motion filed on January 24, 2007 by Mr. Plotkin's Law Firm to withdraw from this matter which the Court granted on January 25, 2007, the undersigned has been acting as lead counsel in this matter since September 15, 2006.  However, the May 7, 2007

1

order is devoid of any reference to Mr. Plotkin's Law Firm's failure to assist the undersigned in his efforts to prosecute this matter in a timely matter. Moreover, a liberal reading of the May 7th order would leave any reasonable person with the impression that the undersigned was not diligent in attempting to obtain the Plaintiffs' records from Mr. Plotkin's home after the undersigned filed his appearance in this matter on September 15, 2006.

Likewise, a liberal reading of the order entered by the Court on May 9, 2007, wherein the Court denied Plaintiffs' Consolidated Motion to Continue the Trial Date of this matter and to Amend the Court's prior Scheduling Order would leave a reasonable person with the impression the Court determined the undersigned had not been diligent in prosecuting this matter on behalf of the Plaintiffs.

However, the Court in entering both of these orders appears to have overlooked the fact, that during the time period beginning on August 22, 2006 the date upon which the Scheduling Order was entered and continuing on through January 25, 2007, the date upon which this Court granted Robert Plotkin's Law Firm's Motion for Leave for the Law Firm of Robert Plotkin, Robert Plotkin and Michael Curletti to withdraw from this case, as co-counsels, Robert Plotkin's Law Firm and Michael Curletti also had a responsibility to adhere to the deadlines set forth in the Court's Scheduling Order set on August 22, 2006.

Therefore, the withdrawal of Robert Plotkin's Law Firm, Robert Plotkin and Michael Curletti, does not mitigate their responsibilities during the period of time in which they remained counsels of record and continued to receive court orders and notices. Nevertheless, the Court in its orders places all blame for the failure to meet the

deadlines set forth in the Scheduling Order upon the undersigned. Consequently, the Plaintiffs argue below, the Court erred in overruling their objections to the Magistrate Judge's ruling and in failing to grant their motion for a continuance of the trial date of this matter and in failing to amend the trial scheduling order.

II. FINDINGS PRESENTED FOR RECONSIDERATION

**A.   Applicable Standard in Ruling Upon Rule 59(e) Motions**

When a party moves to alter or amend a judgment under Rule 59(e), a district court is obligated to balance carefully the need for finality with the need to render a just decision on the basis of all the facts. ***Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*** 6 F.3d 350, 355 (5th Cir. 1993). The Fifth Circuit in ***Lavespere v. Niagra Mach. & Tool Works, Inc.,*** 910 F.2d 167, 174 (5th Cir.1990), gave district courts guidance in evaluating cases under Rule 59(e). The Fifth Circuit directs the district courts to "strike the proper balance" between two competing judicial imperatives: "the need to bring litigation to an end and the need to render just decisions on the merits."

Accordingly, for the reasons set forth below, the balance tips in favor of this Court vacating its orders entered on May 7 and May 9, 2007 to allow the Plaintiffs their day in court and to allow this Court to render a just decision on the merits.

**B.  The Court's orders unfiling Plaintiffs' motions for extensions of time to comply with Defendants' Request for Discovery predicated upon the undersigned's failure to attach a Certificate of Conference as required under Local Rule 7.1(b).**

The Court in its Memorandum Opinion of May 7, 2007, at p.10, wrote:

> "Finally, the Court addresses Plaintiffs' contention that a such a venial misstep as their failure to attach a certificate of conference to their motions to extend the time to discovery requests should not serve as a basis for having Defendants' requests for admissions admitted. Plaintiffs miss the point. Plaintiffs had admissions deemed against them not because of their failure to include a certificate of conference but

rather because Plaintiffs never corrected their defective Motions to Extend to comply with the local rules and, and more importantly, because Plaintiffs inexplicably waited until three months after their responses to Defendants' requests were due to move to withdraw the admissions. At no point did the Court inform Plaintiffs that they could not file a motion to extend their response deadline (in fact, had Plaintiffs properly filed such a motion it assuredly would have been granted); it simply instructed them that the motions that theydid file failed to conform to the local rules of this district. Reasonably prudent counsel would have promptly corrected this error by re-filing the motion with a proper certificate.  Plaintiffs' counsel chose not to do so, and Plaintiffs must now bear the responsibility for that decision and for their own lack of diligence in untimely moving to vacate their deemed admissions."

However, the record of this matter shows that on January 11, 2007, the date upon which the Court entered the second order un-filing the Plaintiffs' Renewed Motion For an Extension because a certificate of conference was not attached to said motion, the Court also entered an order referring Defendants' Motion to Compel Discovery to the Magistrate Judge.  (Dkt. 51).

   Plaintiffs in their Response to Defendants' Motion to Compel Discovery which included a *certificate of conference* stated at p.2, ¶-7:

   " 7. At this juncture, the undersigned believes that it still take approximately three more weeks until he can provide the Defendants with; (1) initial Rule 26 Disclosures; (2) the Defendants' First Requests for Admissions; (3) Defendants' First Requests for Written Interrogatories and (4) the Defendants' Request for documentation and other materials from each of the Plaintiffs.(Dkt. 59, p.2, ¶-7).

Magistrate Judge, Paul D. Stickney, subsequently granted Defendants' Motion to Compel and entered an order containing the following language:

   " On  February 20, 2007, the Court heard Defendants' Motion to Compel Initial Disclosures, response to Requests for Production, and Answers to Interrogatories [Docket No. 48].  After considering the pleadings and all other evidence and argument submitted to the Court, the Court decides to GRANT the Motion.

   IT IS HEREBY ORDERED that Plaintiff shall serve response to Defendants' First Set for Interrogatories, response Defendants' First Request for Production of Documents, by no later than March 13, 2007.

   IT IS FURTHER ORDERED that all objections to Defendants' First Requests

for Production, First Requests for Admissions and First Set of Interrogatories are WAIVED.

IT IS FURTHER ORDERED that counsel for Defendants shall submit a brief status report by March 15, 2007 indicating whether Plaintiffs have complied with this order. The Court will defer whether to award attorneys' fees or to sanction Plaintiffs until that that time.

SO ORDERED on this 21st day of February 2007." (See Copy of the order attached hereto as Exhibit No. 3).

Therefore, based upon the language set forth in Magistrate Judge Stickney's order, the undersigned believed Plaintiffs had until March 13, 2007, to submit their answers to Defendants' First Request for Admissions. Consequently, the undersigned did not re-file Plaintiffs' Motion for an Extension of Time.

However, even if the Court declines to accept the above explanation as cause for the undersigned's decision not to re-file Plaintiffs' Motion for an Extension of Time which the Court states in its order it assuredly would have granted. The Fifth Circuit's holding in *Culwell v. City of Forth Worth,* 468 F.3d 868 (5th 2006), also provides Plaintiffs with a basis for the Court to vacate its judgment entered on May 7, 2007.

The facts in this case are similar to facts, in *Culwell,* wherein the panel found the district court had abused its discretion in un-filing a proper and timely motion based upon a technical violation of the local rules which would ultimately result in the dismissal of the Plaintiff's case with prejudice.

Likewise, in this case, the undersigned's failure to attach a separate certificate of conference to Plaintiffs' Motion for Extension of Time can surely be characterized as a technical violation of the local rules in light of the body of said motion advising the Court Defendants' counsel opposed any extension of time.

Additionally, the panel in *Culwell,* also found that the district court did not sanction or

5

record any disproval of a motion which the plaintiff had previously filed which suffered from the same defect as the motion which the district court ordered unfiled. Likewise, in this case, although the Court in its order at pp. 10-11, explains why it had ruled upon the Plaintiffs' Motion to Extend the Mediation Deadline Date which suffered from the same defect as the Plaintiffs' Motion For Extension of Time to Comply With Defendants' First Requests for Discovery which the Court ordered the Clerk to un-file.

Nonetheless, based upon the panel in *Culwell* finding such reasoning to be an abuse of discretion after the district court had ruled upon a motion which suffered the same type of defect as a motion which the district court had ordered the Clerk to unfile. Plaintiffs respectfully ask this Court to reconsider its judgment overruling Plaintiffs' objections to the Magistrate Judge's order entered on May 7, 2007.

**C. The Court's findings the undersigned has not been diligent in prosecuting this case as grounds for the Court to overrule plaintiffs' Objections to the Magistrate Judges' Order and as a basis for the Court to deny Plaintiffs' Motion to Continue the trial date and amend the Trial Scheduling Order.**

The Memorandum Opinion of May 7, 2007 and Order of May 9, 2007, show that the Court has found the undersigned has not been diligent in prosecuting this matter on the Plaintiffs' behalf. The Court in making this determination appears to have relied upon statements set forth in the motion filed by attorney, Michael Curletti, seeking withdrawal of the Law Firm of Robert Plotkin, Robert Plotkin and Michael Curletti as the Plaintiffs' counsel in this case. (Dkt. 56). More specifically, the Court wrote in its of May 9, 2007 at pg.3,

> "Despite becoming Plaintiffs' chief counsel in September 2006, Cohen states he could not get up to speed on the facts of this case until the end of January 2006, when finally obtained Plaintiff's documents. Cohen attributes the delay in obtaining the documents on the fact that Plotkin was hospitalized on two occasions between October 2006 and January 2007 and the documents were stored at Plotkin's house. This,

6

excuse, however, fails to square with Plotkin's representation in his motion to withdraw that Cohen has been responding to "all of defendants' discovery requests" since coming on board in September 2006. In any event, Cohen fails to explain **why he was prevented from so much as stopping by Plotkin's house to retreive the documents. Both Plotkin and Cohen, after all, live in Chicago.** [Emphasis Added].

    With respect to the Court writing the undersigned obtained Plaintiffs' documents at the end of January 2006, this date is incorrect and is probably the result of a typing error contained in Plaintiffs' Motion for Continuance. The actual dates, the undersigned had obtained the Plaintiffs' documents from Mr. Plotkin are January 19, 2007 and January 22, 2007. Moreover, with respect to the Court finding the undersigned's excuse is contrary to Mr. Plotkin's statements set forth in his motion to withdraw, it is Mr. Plotkin' delay in turning over the Plaintiff's documents to the undersigned which is the direct cause of the undersigned's not being able to meet the deadlines set forth in the Scheduling Order entered on August 22, 2006.  Finally, the undersigned was not prevented from stopping by Mr. Plotkin's house to obtain the Plaintiffs' documents.  Rather, it was Mr. Plotkin and his associate Michael Curletti who failed to make the Plaintiffs' documents available to the undersigned on at least 16 different occasions during the time period beginning on September 15, 2006 and continuing on through to January 19, 2007. (See Declarations of the undersigned's law clerk, Edward Bontkowski and Plaintiff, Richard Shraif, attached hereto as Exhibits 1 & 2).

    Therefore, in light of Mr. Plotkin having possession of all of the Plaintiffs' documents during the time period in which Plaintiffs' First Requests for Discovery were due, it was impossible for the undersigned to be the attorney responsible for responding to the Defendants' Requests for discovery.  Consequently, Mr. Plotkin's statements set forth in the motion to withdraw do not square with the true facts showing he was in physical

7

possession of the Plaintiff's documents at the time Plaintiffs' responses to the Defendants were due.  Moreover, the record shows, Mr. Plokin's motion to withdraw was filed on January 24, 2007 and granted by the Court on January 25, 2007. (Dkt. 56-57). Therefore, as co-counsels, Mr. Plotkin and Michael Curletti also had a responsibility for adhering to court deadlines prior to the Court granting them leave to withdraw. ***See, e.g. Kagan v. Catepillar Tractor Co.,*** 795 F.2d 601, 609 (7th Cir. 1986); ***Pryor v. United States Postal Service,*** 796 F.2d 281, 287 (5th Cir. 1985).

   Thus, the Court should hold an evidentiary hearing to make factual findings related to the undersigned's difficulties in obtaining the Plaintiffs' documents from Mr. Plotkin related to this case which formed the Plaintiffs' basis for requesting a continuance of the trial date of this matter.

### III.  Conclusion

   For the reasons stated herein, the circumstances of this case warrant the application of Rule 59(e) to vacate the judgment entered on May 7, 2007 and an evidentiary hearing should be held to determine if the Court's was correct in denying Plaintiffs' Motion for a Continuance of the Trial Date of this matter on May 9, 2007.

    Respectfully submitted,

    /s/ Michael B. Cohen_____
    Michael B. Cohen, attorney for all
    of the Plaintiffs
    35 E. Wacker Drive, Suite 1525
    Chicago, Illinois 60601
    (312) 726-0739
    cohen2707@sbcglobal.net

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(b), the undersigned certifies that he communicated with counsel for the Defendants, John F. Martin, pertaining to the Plaintiffs' Motion For Reconsideration and was advised the Defendants oppose said motion.

/s/ Michael B. Cohen
Michael B. Cohen

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 21, 2007, a true and correct copy of the foregoing has been forwarded to all counsel of record in accordance with Rule 5 of Federal Rules of Civil Procedure and/or N.D. Texas Miscellaneous Order 61 (service on counsel who have consented to electronic service).

| | |
|---|---|
| John F. Martin | F. Leon Carter |
| Gruber Hurst Johansen & Hail LLP | Munck Butrus, PC |
| 1445 Ross Avenue | 13155 Noel Road |
| Suite 4800 | 900 Galleria Tower Three |
| Dallas, Texas 75270 | Dallas, Texas 75240 |
| jmartin@ghjlaw.com | carter@munckbutrus.com |

By: /s/ Michael B. Cohen
Michael B. Cohen
35 E. Wacker Drive
Suite 1525
Chicago, Illinois 60601
cohen2707@sbcglobal.net

9