UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD SHARIF, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:05-CV-01367-B |
| | § | |
| WELLNESS INTERNATIONAL | § | |
| NETWORK, LTD a/k/a WIN; et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Having considered Defendants' Renewed Motion for Attorney Fees (doc. 115), the evidence submitted concurrently, all supplementary evidence and argument and, in light of Plaintiffs' failure to respond or submit evidence, the Court awards attorneys' fees in the amount of $655,596.13 for the reasons stated herein.

## I. BACKGROUND

The Court assumes familiarity with the factual and procedural background set forth in its Memorandum Opinion dated July 16, 2007 granting Defendants' motion for summary judgment in its entirety (doc. 101). Plaintiffs appealed (doc. 104). The Fifth Circuit affirmed but remanded for a ruling and determination of Defendants' motion for attorneys' fees. Suffice it to say, the Fifth Circuit found that Plaintiffs demonstrated a "lengthy history" of "dilatoriness and hollow posturing interspersed with periods of non-performance or insubstantial performance and compliance" before this Court and the Fifth Circuit which left it with the "unmistakable impression" that Plaintiffs have "no purpose other than to prolong this contumacious litigation for purpose of harassment or delay,

or both." *Sharif v. Wellness Intern Network, Ltd.*, 2008 WL 943014, at *1 (per curiam) (doc. 112). In short, Plaintiffs' engaged in "feckless litigation." *Id.*

Defendants now move for attorneys' fees under numerous grounds: (1) Federal Rule of Civil Procedure 54(d)(2),[1] (2) the inherent power of the Court,[2] (3) Rule B-11 of the WIN Rules and (4) Regulations and the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code § 17.50(c). It is unsurprising that Plaintiffs have filed no response to the instant motion.

## II. ANALYSIS

**A.    Standard for Awarding Attorneys' Fees**

There can be no plausible dispute that Defendants are entitled to attorneys' fees under the multiple grounds set forth by Defendants. None, however, are more compelling grounds than the Court's inherent power given Plaintiffs' vexatious litigation. *Chambers v. NASCO*, 501 U.S. 32, 46-50 (1991) (recognizing court's inherent authority to award attorneys' fees to sanction bad-faith litigation); *see also Carroll v. Jacques Admiralty Law Firm*, 110 F.3d 293 (5th Cir. 1997) (recognizing exercise of inherent power when rules are not "up to task"); *see, e.g., Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410-11 (5th Cir. 1993) (permitting exercise of inherent powers

---

[1] Federal Rule of Civil Procedure 54(d) permits a "prevailing party" to move to recover attorneys' fees as costs "no later than 14 days after entry of judgment." The movant must specify the statute, rule or other grounds justifying the attorneys' fees award. Rule 54(d)(2)(B). On July 17, 2007, the Court entered its final judgment (doc. 103). On July 31, 2007, Defendants timely filed their Rule 54(d) motion for attorneys' fees (106). On September 19, 2007, the Court denied Defendants' motion for attorneys' fees without prejudice pending the outcome of the appeal (doc. 107). Defendants, however, were granted leave to renew their motion upon a final disposition from the Fifth Circuit.

[2] The court has the inherent power to deviate from the "American Rule" to award attorneys' fees for, among other things, parties acting in "'bad faith, vexatiously, wantonly, or for oppressive reasons.'" *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (recognizing court's inherent power to assess attorneys' fees when party acted in bad faith).

to discipline counsel's complicity with scandalous behavior). This Court and the Fifth Circuit have already concluded that Plaintiffs have engaged in frivolous litigation that was brought in bad faith. *See Matta v. May*, 118 F.3d 410, 416 (5th Cir. 1997) ("A court must make a specific finding that the sanctioned party acted in bad faith in order to impose [attorney's fees]"); *see also Batson v. Neal Spelce Associates,* 805 F.2d 546, 550 (5th Cir. 1986) (warning that court should not use inherent powers to punish aggressive litigation). For these reasons, the Court finds that Defendants are entitled to an award of attorneys' fees.

**B.     Reasonableness of Attorneys' Fees Award**

In toto, Defendants request an aggregate award of attorneys' fees in the discounted amount of $655,596.13. The Court now considers whether such an award is reasonable. *Roadway Exp. v. Piper,* 447 U.S. 752, 766 (1980) ("Because inherent powers [to levy attorneys' fees for bad faith] are shielded from direct democratic controls, they must be exercised with restraint and discretion."); *Flaksa v. Little River Martine Constrr.*, 389 F.2d 885, 888 n.10 (5th Cir. 1968) (recognizing court may impose reasonable and appropriate sanctions under inherent power). Looking for guidance to assess the reasonableness of $655,596.13, the Court turns to Texas law setting forth the standard for the reasonableness of attorneys' fees.

It is a rebuttable presumption that the usual and customary attorneys' fees are reasonable. Tex. Civ. Prac. & Rem. Code Ann. § 38.003. The burden of proving the reasonableness of attorneys' fees is on the party seeking them. *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). However, the presumption of reasonableness may be rebutted. *Id.* In addition to hearing testimony and receiving other evidence, the court may take judicial notice of reasonable and customary fees along with the contents of the case file in evaluating a request for attorneys' fees. *See*

TEX. CIV. PRAC. & REM. CODE § 38.004 (Vernon 2007); *Gill Savings Ass'n v. Chair King, Inc.*, 797 S.W.2d 31, 32 (Tex. 1990). *Cf. City of Fort Worth v. Groves,* 746 S.W.2d 907, 918 (Tex. App.–Fort Worth 1988, no writ) (observing that the court can draw on its own experience as a lawyer and a judge and must look at the entire record to determine a reasonable fee).

The Texas Supreme Court has established several factors to be used in considering the reasonableness of a requested fee amount:[3]

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;
>
> (2) the likelihood … that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

---

[3]The Fifth Circuit has made it clear that Texas law, as opposed to federal law, governs the reasonableness of fees awarded where Texas law governs the rule of decision. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Here, the attorneys' fee award is made pursuant to Rule 54(d) and the Court's inherent power. Nevertheless, Defendants alternatively seek attorneys' fees under the Texas DTPA which permits an award for actions found to be "groundless in fact or law or brought in bad faith, or brought for the purpose of harassment." Tex. Bus. & Com Code § 17.50(c). Additionally, given the one-sided nature of the instant Motion, the Court will utilize *Anderson* to assess the reasonableness of the award.

Defendants have submitted evidence concerning most of the *Andersen* factors and the reasonableness of Defendants' request for attorneys' fees, which the Court considers in turn.

Defendants submitted evidence concerning the first *Andersen* factor: the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly. The time and labor required is evidenced in Defendants' various counsel's monthly billing with the supporting declarations from attorneys and WIN's Director of Marketing and Communication Sheri Matthews. (Defs. App. 1-363). The total attorneys' fees are $728,440.15: Owens, Clary & Aiken for $10,749.04, Peterson & Ross for $12,552.19, Akin Gump for $342,624.13, Wilman Harrold for $41,337.39, Godwin Gruber for $95,087.76 and Godwin Hurst for $226,089.64.

Defendants have not attempted to segregate the fees incurred from recoverable and unrecoverable attorneys' fees. In general, a party seeking attorneys' fees has a duty to segregate nonrecoverable fees from recoverable fees. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). Defendants, however, argue that this award falls within the exception to the duty to segregate fees. In 1991, the Supreme Court of Texas in *Stewart Title* recognized an exception to this duty to segregate:

> A recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their 'prosecution or defense entails proof or denial of essentially the same facts.' Therefore, when the causes of action involved in the suit are dependant upon the same set of facts or circumstances and thus are 'intertwined to the point of being inseparable,' the party suing for attorney's fees may recover the entire amount covering all claims.

*Id.* (quoting *Stewart Title*, 822 S.W.2d at 11-12) (other citations omitted). The Supreme Court of Texas recently revisited the *Sterling* exception and modified it as follows:

> Accordingly, we reaffirm the rule that if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees. Intertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. We modify *Sterling* to that extent.

*Id.* at 313-14.

Here, Defendants were forced to do just that - litigate essentially the same facts before this Court and the Fifth Circuit and in an action in Illinois which closely mirrored the same feckless allegations and the same vexatious tactics. Additionally, the *Chapa* modification is not applicable because the award is not pursuant to any claim for which fees are unrecoverable. Defendants' request for attorneys' fees therefore falls within the exception to the duty to segregate.[4]

Defendants submitted evidence that this case presented complex issues involving RICO which were undoubtedly complicated by the contumacious conduct by Plaintiffs' counsel, the non-compliance by Plaintiffs and the web of fabrications and puffery. Upon review of the invoices, the Court finds that the hours billed by Defendants accurately account for the novelty and difficulty of the issues related to the RICO-related claims and the conduct of Plaintiffs. The Court similarly finds that the skill of the attorneys handling this matter is accurately reflected in their billing.

In considering the remaining *Andersen* factors, the Court finds the factors are addressed by the billing rate and hours billed as reflected in the invoices. The Court assumes that the rates commonly charged by Defendants' respective counsel and local counsel in an hourly billing case take into account the fact that accepting employment on any particular matter will necessarily limit the

---

[4] Defendants acknowledge that separating recoverable time entries from non-recoverable ones from attorney fee bills over a six-year period is not an exact science. Defendants offer a 10% discount as a conservative estimate to account for any non-recoverable fees.

attorneys' ability to accept other cases, or as many other cases as they might be offered or would ideally like to pursue.

**C.      Calculation of the Attorneys' Fees Award**

Based on the invoices submitted by Defendants, modified by the 10% discount volunteered by Defendants to conservatively account for any unrecoverable fees, the Court awards Defendants the requested attorneys' fees totaling $655,596.13 as set forth in the table of their Motion (doc. 115 at 15).  Each of Defendants' counsel's individual firm fees shall be deducted at the 10% discount.

### III.  CONCLUSION

For the reasons discussed above, the Court awards $655,596.13 as reasonable attorneys' fees.

**SO ORDERED.**

**SIGNED July 22, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE