UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD SHARIF, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:05-CV-01367-B** |
| | § | |
| **WELLNESS INTERNATIONAL** | § | **ECF** |
| **NETWORK, LTD. a/k/a WIN,** | § | |
| **et al.,** | § | |
| | § | |
| Defendants. | § | **HEARING REQUESTED** |

# DEFENDANTS' MOTION FOR CIVIL CONTEMPT
# AGAINST WAQAR AND SHAFQUT KHAN AND BRIEF IN SUPPORT

Defendants, Wellness International Network, Ltd., WIN Network, Inc., Ralph Oats, and Cathy Oats, file this Motion for Civil Contempt and Brief in Support against Waqar and Shafqut Khan for failing to comply with the Court's order of February 10, 2009 (Document No. 180). Waqar Khan and Shafqut Khan may be served by serving their attorney of record, Michael B. Cohen, Esq., 35 E. Wacker Dr, Suite 595, Chicago, Illinois 60601.

# I.
# STATEMENT OF POSITION

Because of the history of it, because of the . . . tortuous proceedings for both the Court and the defense in trying to get this to proceed along in any even close to normal lines of what should be lawful in a civil case, I want to make sure that . . . the Khans understand how serious this is.

The last thing any court wants to do is put someone in custody, take your liberty from you, because of a civil violation. But it is very clear to me that this money is owed, and it's not being paid. *And every effort is being made to avoid the lawful process*.

So if the judgment isn't paid as soon as possible, I mean today, tomorrow, we're going to continue along these lines. And there will be custody, again arrest

> warrants from this Court issued that will again -- *if there's lack of compliance, I will consider that in contempt and you all will end up back in custody*.
>
> I wanted to get your attention the first time around. I think I have. And now I want to make sure you understand this will happen again if this isn't paid.
>
> . . .
>
> But I say once again, before we adjourn, to Mr. Sharif and to the Khans that it is within your power and authority to get this resolved by paying the money and by cooperating with discovery.
>
> But *you are now being warned by the district court supervising this case that if you don't do that, that I will order further sanctions which, as you know, can include something as severe as a bench warrant or arrest warrant*, which I don't want to do. It is the last thing a district court wants to do.[1]

Yet again, the Khans have violated another court order. On February 10, 2009, the district court ordered the Khans to fully comply with all previous court orders, to fully respond to all of Defendants' post-judgment discovery requests without objection, to present themselves for deposition in Dallas, and to reimburse Defendants their costs and fees in filing numerous motions to compel and motions for contempt.

The Khans have not complied with any aspect of the February 10, 2009 Order. The Khans made numerous objections to Defendants' post-judgment discovery responses, did not present themselves for deposition in Dallas, and refused to reimburse any of court-ordered costs and expenses referenced in the February 10, 2009 order. Last month the Khans attempted to "remove" this very proceeding to bankruptcy court in Chicago, but neglected to inform this Court of their latest attempt to prolong these proceedings.

It is evident that further orders, fines, or monetary sanctions create no incentive for the Khans to comply with pending federal court orders. Given the stern admonitions delivered by

---

[1] Transcript of February 10, 2009 Hearing (emphasis added).

the Court in February, there can be no doubt that the Khans' current noncompliance is willful. Therefore Defendants ask this court to find the Khans in civil contempt, and to issue bench warrants and/or arrest warrants for Waqar Khan and Shafqut Khan.  Defendants respectfully request that the Court incarcerate the Khans until they purge themselves of contempt and fully comply with the Court's Order of February 10, 2009.

## II.
## ARGUMENT & AUTHORITIES

A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order.[2]

On February 10, 2009, the District Court issued its order finding the Khans in civil contempt.[3]  The order required the Khans to:

(1) respond to the Post Judgment Discovery served on August 15, 2008, within ten days of the entry of the Order, with no objections due to the objections already having been waived, with the exception that responses relying on Plaintiffs' bank records must be provided within thirty days of the entry of the Order;

(2) respond to the Post Judgment Interrogatories served on October 13, 2008 within ten days of the entry of this Order, with no objections due to the objections already having been waived, with the exception that responses relying on Plaintiffs' bank records must be provided within thirty days of the entry of this Order;

(3) appear individually for deposition at the law offices of Gruber Hurst Johansen & Hail, LLP, 1445 Ross Avenue, Suite 2500, Dallas, Texas 75202, at a mutually agreeable date and time within twenty-one days of the filing of Defendants' status report with this Court;

(4) reimburse Defendants for all costs incurred in preparing and filing the following motions and for appearing at any hearings on the motions referenced at Document Nos. 140, 142, 144, and 149 in this action;

---

[2] *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

[3]  *See* Document No. 130.

 (5) reimburse Defendants for all costs incurred in serving Plaintiffs with the Order to Show Cause and Amended Order to Show Cause;

 (6) reimburse Defendants for all costs incurred in appearing at the January 13, 2009 show cause hearing and the February 10, 2009 show cause hearing;

 (7) reimburse Defendants for all costs incurred for their non-appearance at depositions;

 (8) must pay Defendants' attorneys fees for the Motion to Compel, in the amount of $1,500.00; and

 (9) all attorneys' fees and costs in parts (4)-(8) above must be wired to Defendants' counsel's IOLTA account no later than 4:00 p.m. Central Standard Time, on February 25, 2009.[4]

On February 13, 2009, Defendants' counsel submitted an affidavit attesting to the fact that they incurred $15,000.00 in preparing and filing the following motions and for appearing at any hearings on the motions referenced at Document Nos. 140, 142, 144, and 149 and $2,116.48 in costs for non-appearances at depositions.[5] In addition to the $1,500 in fees previously ordered by the Court, to comply with the Court order, $18,616.48 had to be paid by no later than 4:00 p.m. Central Standard Time, on February 25, 2009.

The Khans have failed to comply with any aspect of the Court's Order of February 10, 2009. As indicated in the Status Report filed with the Court on March 6, 2009, the Khans objected to discovery, stating that their "answers shall not be deemed to constitute admissions: (a) that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or (b) that any statement or characterization in Defendants' Interrogatories *is accurate*

---

[4] Court Order of February 10, 2009, at 3-5 (Document No. 180).

[5] *See* Affidavit of Attorney Fees and Costs (Document No. 181).

*or complete*." (emphasis added).[6] The Khans then proceeded to regurgitate the same information previously provided and held to be inadequate.[7] The Khans asserted a slew of general and specific objections.[8] The Khans also gave inadequate, evasive responses to many requests, or identified responsive documents and/or information, and subsequently failed to produce them.[9]

The Khans made no effort to schedule depositions or travel to Dallas for their court-ordered depositions. On February 25, counsel for the Khans sent an email to Defendants' counsel, claiming that the Khans did not have any money to pay the court-ordered attorney fees.[10]

Frustrated, Defendants took what little information the Khans did provide and, on April 14, 2009, filed and obtained a writ of garnishment in Dallas County state district court on the Khans' bank accounts with JP Morgan Chase Bank, N.A.[11] In response, counsel for the Khans attempted to "remove" the Dallas County state court garnishment *as well as this federal action* to the United States Bankruptcy Court for the Northern District of Illinois, where Richard Sharif's

---

[6] *See* Appendix to Motions for Civil Contempt ("Appendix") at 1 (Khans' Answers and Objections to First Interrogatories in Aid of Judgment).

[7] *See generally* Appendix at 1-14 (Khans' Answers and Objections to First Interrogatories in Aid of Judgment); Appendix at 16-33 (Khans' Response and Objections to First Post-Judgment Discovery Request).

[8] *See* Appendix at 1-2 (Khans' Answers and Objections to First Interrogatories in Aid of Judgment, General Objections), and Appendix at 17-18, 20-21, 26-30 (Khans' Response and Objections to First Post-Judgment Discovery Request), Nos. 2, 3, 4, 13, 17, 18, 20, 45, 46, 50, 52, 57, 58, 59, 61, 62, 63, 64, 65, and 66.

[9] *See* Appendix at 3, 5, 8-10 (Khans' Answers and Objections to First Interrogatories in Aid of Judgment), Nos. 1, 4, 5, 10-12, 14; and Appendix at 18-28, 30, 33 (Khans' Response and Objections to First Post-Judgment Discovery Request), Nos. 5-10, 12, 14-15, 18, 20-22, 28, 30-32, 34-35, 42-43, 45-46, 52, 63, 87.

[10]  Appendix at 36 (copy of February 25, 2009 emails).

[11]  *See* Appendix to Motion for Civil Contempt Against Waqar and Shafqut Khan ("Appendix") at 37-42 (copy of Writ of Garnishment action in Dallas County State District Court); Appendix at 43-45 (copy of Order to Issue Writ of Garnishment).

---

chapter 7 bankruptcy is pending, under the auspices of 28 U.S.C. § 1452.[12] The Khans' "removal" was never filed with this Court. The Khans' "removal" is a legal nullity; one cannot "remove" a case from federal district court.[13]

Moreover, the Writ of Garnishment action in Dallas County revealed that the Khans' claim of an inability to pay any portion of court-ordered costs and fees was false. J.P. Morgan Chase Bank, N.A. disclosed that the Khans' accounts held nearly $6,000.[14]

### III.
### REQUEST FOR HEARING

Defendants request the Court immediately issue a Show Cause Order, and hold a show cause hearing wherein the Khans appear in person and are afforded the opportunity to demonstrate why they should not be held in contempt for violation of the Order identified herein.

### IV.
### PRAYER

Defendants respectfully requests that the Court order the Khans to appear at a time and place to be set by the Court and that, on hearing, the Court find that Waqar Khan and Shafqut Khan should be held in civil contempt of Court, accordingly incarcerate Waqar Khan and Shafqut Khan until they comply with the Court's Order dated February 10, 2009, and fully and completely respond to Defendants' Post Judgment Discovery, and Post-Judgment

---

[12] *See* Appendix at 46-83 (Copy of "Removed" Case in Bkrtcy N.D. Illinois, 09-00385).

[13] *Centrust Sav. Bank v. Love*, 131 B.R. 64, 66 (S.D. Tex. 1991) (Hughes, J.); *Doyle v. Mellon Bank, N.A.*, 307 B.R. 462, 465 (E.D. Pa. 2004); *Thomas Steel Corp. v. Bethlehem Rebar Indus., Inc.*, 101 B.R. 16, 19 (Bankr. N.D. Ill. 1989); *In re Interpictures, Inc.*, 86 B.R. 24, 28-29 (Bankr. E.D.N.Y. 1988); *In re Mitchell*, 206 B.R. 204, 210-11 (Bankr. C.D. Cal. 1997); *Sharp Elec. Corp. v. Deutsche Fin. Svcs. Corp.*, 222 B.R. 259, 263 (Bankr. D. Md. 1998); *In re Cornell & Co.*, 203 B.R. 585, 586 (Bankr. E.D. Pa. 1997). *Cf. In re Coastal Plains*, 338 B.R. 703, 711 (N.D. Tex. 2006) (Boyle, J.) ("[R]emoving a case to a bankruptcy court is the functional equivalent of removing it to the federal district court under § 1452(a).").

[14] *See* Appendix at 84-85 (JP Morgan Chase Bank, N.A.'s Original Answer to Writ of Garnishment in 09-04311, Dallas County State District Court).

Interrogatories, appear for deposition in Dallas, and pay all costs and expenses stated in Court's Order dated February 10, 2009.

Defendants further respectfully request that the costs and fees of this proceeding be assessed against the Khans.

Respectfully submitted,

By:  /s/ John F. Martin
 **G. MICHAEL GRUBER**
 Texas State Bar No. 08555400
 **BRIAN N. HAIL**
 Texas State Bar No. 08705500
 **JOHN F. MARTIN**
 Texas State Bar No. 24002530
 **MICHAEL J. LANG**
 Texas State Bar No. 24036944

**GRUBER HURST JOHANSEN & HAIL LLP**
Fountain Place
1445 Ross Avenue, Suite 4800
Dallas, Texas 75202
(214) 855-6800
(214) 855-6808 fax

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

On June 10, 2009, counsel for movant contacted counsel of record for respondent to confer about the substance of this motion.[15] Respondents' counsel did not reply to the email.

/s/ John F. Martin
John F. Martin

---

[15] *See* Appendix at 90 (June 10, 2009 email).

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of June, 2009, a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with Rule 5 of the FEDERAL RULES OF CIVIL PROCEDURE and/or N.D. TEXAS MISCELLANEOUS ORDER No. 61 (service on counsel who have consented to electronic service).

>Michael B. Cohen, Esq.
>35 E. Wacker Drive, Suite 595
>Chicago, Illinois 60601
>
>*Counsel for Plaintiffs*
>
>  /s/ John F. Martin
>John F. Martin
>Michael J. Lang